**NATIONAL FIRE INSURANCE CO., Appellant,**

v.

**John H. SPAIN, DMD, Appellee.**

No. 87–CA–2453–S.

Court of Appeals of Kentucky.

Jan. 20, 1989.

Rehearing Denied March 31, 1989.

Discretionary Review Denied by Supreme Court Aug. 30, 1989.

---

James D. Ishmael, Jr., Lexington, for appellant.

M. Kevin Lett, Ashland, for appellee.

Before GUDGEL, REYNOLDS and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Boyd Circuit Court. Appellant contends that the court erred by awarding appellee certain damages he was not legally entitled to recover. We agree. Hence, we reverse and remand.

Appellee, Dr. John H. Spain, filed a complaint on March 23, 1987, against appellant, his malpractice insurer, in which he demanded reimbursement for expenses reasonably incurred by him in the investigation and defense of a malpractice claim as well as for the amount of earnings he lost as a result of defending the claim. Appellant served a timely answer. On May 15, 1987, the court entered an order notifying the parties that a scheduling conference would be held on May 22. Following this conference, which was attended by the attorneys for both parties, an order was entered on May 27 setting a trial for September 10. However, on July 10 an agreed order was entered which permitted James L. Kerr and the firm of Boehl Stopher Graves & Deindoerfer to withdraw as counsel for appellant because of an apparent conflict of interest. The order gave appellant forty-five days from the date of the order to employ new counsel. Appellant was also advised by the order that its new counsel should promptly notify the court if there was a need to continue the scheduled September 10 trial date.

The case was called for trial on September 10, and no one appeared on appellant's behalf. James Kerr, appellant's former counsel, was present and notified the court that appellant apparently had not yet employed new counsel. Mr. Kerr indicated to the court that he had sent appellant a copy of the agreed July 10 order on July 14 and had advised appellant as to the September 10 trial date as well. Thereafter, the court granted appellee's motion for a default judgment as to liability and then heard evidence as to the issue of damages. On September 15, 1987, the court entered a judgment against appellant in the amount of $8,725.09. Appellant's post judgment motions were denied. This appeal followed.

Appellant contends that the court erred by awarding appellee certain damages he was not entitled to recover. We agree.

Appellant's argument is premised on CR 8.01(2), which provides as follows:

In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. *When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories; if this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories.* (Emphasis added.)

The last sentence of the rule clearly states, in effect, that if a claim for unliquidated damages is made, the party against whom the claim is made may seek information as to the amount of the claim by interrogatories. If this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories. Here, in answering interrogatories served by appellant, appellee claimed $4,695.51 in attorney fees and nothing more. He did not claim as reimbursement $2,500 for an expert witness fee, $279.58 for long distance telephone expenses, or $1,250 for lost earnings. Yet the court's award included these sums.

The last sentence of CR 8.01(2), quoted above, was added by an amendment which became effective on January 1, 1987. Because this is such a recent amendment of the rule, there is little authority to guide us in interpreting it. In 6, Bertelsman & Philipps, *Kentucky Practice*, CR 8.01, Comment 5 (4th ed. 1984), the author explains that CR 8.01(2), which also prohibits a party from demanding a specific amount in the prayer for relief portion of a complaint, "will not prevent a party from presenting at trial those elements of compensatory damages to which he is entitled and which have been the subject of discovery." With regard to the last sentence of CR 8.01(2), the author states that "[a] party under the 1987 amendment may serve on opposing counsel interrogatories which require that he state the amount of unliquidated damages. If the interrogatories are answered, the amount requested shall not exceed the answer in the interrogatories, unless, the interrogatories are amended to conform to the evidence."

■ Here, there is nothing in the record to show that appellee ever undertook to amend his answers to appellant's interrogatories to increase the amount of damages he claimed to include those additional sums awarded by the trial court over and above the claim for attorney fees. Thus, it follows that CR 8.01(2) prevents the court from awarding appellee those additional sums. Moreover, we note that merely because counsel for both parties met following the May 22 scheduling conference and "additional documentation responsive to the Requests for Production was made available to counsel for the Defendant," this is of no significance since appellee acknowledges that he never provided a statement as to his actual loss of earnings as requested, but rather, merely advised appellant as to the approximate number of hours lost. Further, appellee does not claim that he ever apprised appellant prior to trial about the expert witness fee or his long distance telephone expenses.

■ As an aside, we note we find nothing in our decision to be contrary to *Howard v. Fountain*, Ky.App., 749 S.W.2d 690, 693 (1988), wherein we held that "fundamental fairness requires that a defaulting party be given notice of a damage assessment hearing where he has entered an appearance in the action prior to the hearing." Here, appellant was given ample notice that its attorney would withdraw and was given forty-five days to employ new counsel. Furthermore, even though appellant was fully apprised as to the scheduled trial date, a continuance was never requested. Appellant simply failed to appear. We find no abuse of discretion therefore in the court's denial of appellant's motion to set aside the default judgment as to liability.

The court's judgment is reversed and remanded with directions to enter an amended judgment consistent with the views expressed in this opinion.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.