Jeffery THOMPSON; and Janie Thompson, Appellants,

v.

SHERWIN WILLIAMS COMPANY, INC.; and James E. Stevens, Appellees.

No. 2001–SC–0516–DG.

Supreme Court of Kentucky.

Aug. 21, 2003.

David A. Lanphear, Lanphear & Walton, P.L.L.C., Bowling Green, Counsel for Appellants.

Kurt William Maier, Brett A. Reynolds, English, Lucas, Priest & Owsley, Bowling Green, Counsel for Appellees.

Opinion of the Court by Justice COOPER.

Appellants Jeffery and Janie Thompson brought this action in the Simpson Circuit Court for damages for Janie's personal injuries and the damage to their jointly owned vehicle resulting from a chain-reaction collision in which their vehicle, then being operated by Janie, was rear-ended by a van owned by Appellee Sherwin Williams Company, Inc., and operated by its employee, Appellee James E. Stevens. There was evidence that the Sherwin Williams van had been rear-ended by another vehicle owned and operated by Janet Revuelta. The Thompsons sued Sherwin Williams, Stevens, and Revuelta.

At the first trial, the jury returned a verdict for Appellants in the total sum of $99,004.50. A new trial was granted on the issue of apportionment because, although the jury found fault and causation on the parts of both Stevens/Sherwin Williams and Revuelta, it apportioned 100% of the verdict against Stevens/Sherwin Williams. Following a second trial, the jury apportioned fault 70% against Stevens/Sherwin Williams and 30% against Revuelta. Judgment was then entered in favor of the Thompsons for $99,004.50 pursuant to the first verdict and apportioned pursuant to the second verdict. Sherwin Williams and Stevens appealed; Revuelta did not appeal.

The Court of Appeals affirmed in part and reversed in part, vacating that portion of the judgment awarding Janie Thompson $75,000.00 for future pain and suffering because of a perceived violation of CR 8.01(2). The reversal of that portion of the judgment is the only issue before us on discretionary review. We now reinstate the judgment of the Simpson Circuit Court in its entirety.

Prior to the adoption of CR 8.01(2), the *ad damnum* clause of a civil complaint for unliquidated damages typically demanded whatever sum of money the plaintiff considered appropriate, often a sum with "shock value." *Cf.* Kurt A. Philipps, Jr., 6 *Kentucky Practice: Rules of Civil Procedure Annotated,* CR 8.01 cmt. 5, at 139 (5th ed. West 1995) ("The amendment is intended to prevent a party from alleging damage amounts which are included for shock value."). If the *ad damnum* exceeded the defendant's liability insurance coverage, the insurer would send an "excess letter" to the insured advising the insured of that fact and of the insured's right to retain a personal attorney to defend against the excess. This practice also assisted insurers in determining what reserves should be established in anticipation of a potential judgment.

In 1976, presumably in response to complaints from the medical community about the "shock value" of *ad damnum* clauses in medical malpractice complaints, the General Assembly enacted KRS 304.40–270 requiring that such complaints recite only that the damages exceeded the sum required to establish the jurisdiction of the court. 1976 Ky. Acts, ch. 163, § 3. In *McGuffey v. Hall,* Ky., 557 S.W.2d 401 (1977), there is *dictum* expressing "deep misgivings" about the constitutionality of this provision. *Id.* at 406. The Court of Appeals subsequently declared the provision unconstitutional as an invasion of the rule-making authority of the Supreme Court. *McCoy v. W. Baptist Hosp.,* Ky. App., 628 S.W.2d 634, 635 (1981). We then

subsequently adopted CR 8.01(2), effective January 1, 1987, which incorporates the language of former KRS 304.40–270 and applies it to all complaints for unliquidated damages. The rule also includes the following:

When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories; if this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories.

■ We have consistently held that the purpose of this rule is to put the defendant on notice of the amount of liquidated damages at stake and that the "shall not exceed" language of the rule is mandatory. If the plaintiff responds to a CR 8.01(2) interrogatory and does not supplement the response, the plaintiff's recovery is limited to the amount stated in the last response; if the plaintiff does not respond to the interrogatory, the plaintiff is not entitled to an instruction on unliquidated damages. *LaFleur v. Shoney's, Inc.,* Ky., 83 S.W.3d 474, 480–81 (2002); *Fratzke v. Murphy,* Ky., 12 S.W.3d 269, 270 (1999); *Burns v. Level,* Ky., 957 S.W.2d 218, 221–22 (1997); *see also Nat'l Fire Ins. Co. v. Spain,* Ky. App., 774 S.W.2d 449, 451 (1989).

Here, Appellees served on Appellants a set of interrogatories that included a request (Interrogatory No. 14) that Appellants "[s]tate each item of damage which you claim in this action, and as to each item of damage, the exact amount you believe you are entitled to recover, and describe in detail how you calculate such amounts." Appellants' response to Interrogatory No. 14 was as follows:

1. Personal and permanent injuries - $150,000.00.
2. Pain and suffering - $100,000.00.
3. Lost wages - unknown at present time.
4. Medical bills and related expenses incurred to date - $7,418.00.
5. Property damage - $2,500.00.

Appellants subsequently filed supplemental responses to increase the claim for medical expenses to date to $10,624.61 and to claim future medical expenses in the sum of $15,000.00. The trial judge ultimately disallowed an $847.90 furniture purchase claimed as a medical expense and the entire claim for future medical expenses. However, he did instruct the jury that it could award damages up to the following limits:

$    9,776.71 - Janie Thompson's medical expenses to date.
    100,000.00 - Janie Thompson's pain and suffering to date.
    150,000.00 - Janie Thompson's future pain and suffering.
        2,227.79 - Property damage.
$ 262,004.50 - Total.

Appellees objected to the separate instruction on future pain and suffering, asserting that the response to Interrogatory No. 14 did not include a separate category for future pain and suffering; thus, all pain and suffering, both past and future, was required to be included in the $100,000.00 claimed for that item. The trial judge concluded that the claim for future pain and suffering was included within the category of "personal and permanent injuries." The jury returned a verdict with damages itemized as follows:

$  9,776.71 - Janie Thompson's medical expenses to date.
  12,000.00 - Janie Thompson's pain and suffering to date.
  75,000.00 - Janie Thompson's future pain and suffering.
   2,227.79 - Property damage.
$  99,004.50

The Court of Appeals concluded that CR 8.01(2) precluded the instruction on future pain and suffering because the response to Interrogatory No. 14 did not specify a claim for that category of unliquidated damages. We disagree for three reasons.

First, if CR 8.01(2) did preclude separate instructions on past and future pain and suffering, the error was rendered harmless by the fact that the total amount awarded for pain and suffering, both past and future, was less than the amount claimed for "pain and suffering" in the response to Interrogatory No. 14. The Court of Appeals relied on language in *McKinney v. Heisel*, Ky., 947 S.W.2d 32 (1997), to the effect that "[i]n this jurisdiction it is a rule of longstanding and frequent repetition that erroneous instructions to the jury are presumed to be prejudicial ...." *Id.* at 35. True, but the presumption is not irrebuttable. Here, any presumption of prejudice was rebutted by the verdict.

Second, the trial judge's interpretation of the response to Interrogatory No. 14 was a reasonable one. Appellants never claimed, even in their complaint, that Janie Thompson's future power to labor and earn money had been impaired. The claim for future medical expenses was itemized separately in the supplemental response. What else could the separate category of "personal and permanent injuries" have pertained to if not future pain and suffering?

Finally, the purpose and the only requirement of CR 8.01(2) is that information be furnished as to the "amount claimed" in unliquidated damages, not an itemization of each category of unliquidated damages for which that amount is claimed. *Fratzke, supra*, at 272–73. The rule is a substitute for the previous procedure of stating the amount claimed in the *ad damnum* clause of the complaint and serves the same purpose as the former procedure in addition to the salutary purpose of facilitating settlements. *LaFleur, supra*, at 478–79. Although a request for a categorization of damages is within the scope of CR 33.01, it is not within the requirement of CR 8.01(2). The remedy for a violation of CR 33.01 is found in CR 37.01 and CR 37.02, not in CR 8.01(2). The damages instruction given in this case did not authorize a verdict in excess of the "amount claimed" in the response to Interrogatory No. 14.

Accordingly, the Court of Appeals is affirmed in part and reversed in part and the judgment of the Simpson Circuit Court is reinstated in its entirety.

All concur.