Floyd PRATER, Appellant,

v.

Deloris CASTLE, Appellee.

No. 2002–CA–000279–MR.

Court of Appeals of Kentucky.

Sept. 12, 2003.

Discretionary Review Denied
Aug.18, 2003.

John C. Collins, Salyersville, KY, for Appellant.

Thomas W. Lavender, Ashland, KY, for Appellee.

Before GUIDUGLI and JOHNSON, Judges, and HUDDLESTON, Senior Judge.[1]

JOHNSON, Judge.

Floyd Prater has appealed from an order of the Johnson Circuit Court which

1. Senior Judge Joseph R. Huddleston sitting      as Special Judge by assignment of the Chief

dismissed his negligence action against the appellee, Deloris Castle. The trial court interpreted CR[2] 8.01(2) as applied by *Fratzke v. Murphy*,[3] to require dismissal of the action because Prater had failed to seasonably answer interrogatories concerning the amount of his claim for unliquidated damages or to timely move the trial court for leave to belatedly file his answers. Having concluded that the trial court erroneously applied *Fratzke* to the case *sub judice*, we reverse and remand for further proceedings consistent with this Opinion.

On April 19, 1997, Prater was attempting to turn left at an intersection on Kentucky Route 321 in Paintsville, Kentucky, when his vehicle was struck from behind by a vehicle driven by Castle. On March 1, 1999, Prater filed a complaint in Johnson Circuit Court against Castle alleging that as a result of Castle's negligence, he had suffered permanently disabling injuries, lost wages, experienced severe pain and suffering, and incurred various medical expenses. Prater further alleged that his pain and suffering and medical expenses would continue in the future. On March 15, 1999, Castle filed an answer asserting several defenses to Prater's negligence action.

The case proceeded through the discovery process and was scheduled for trial on March 19, 2001. The trial court ordered that, "[a]ll motions, including motions in limine, motions pertaining to the evidence to be presented at trial, or trial procedure shall be filed and noticed for a hearing at a regularly scheduled motion hour of the Court occurring not later than twenty (20) days prior to the trial." The parties exchanged witness and exhibit lists and concluded their discovery depositions. On March 16, 2001, Prater's counsel moved the court to continue the trial due to personal reasons and the case was reassigned for trial on August 27, 2001. Shortly thereafter, Castle mailed a set of interrogatories to Prater requesting that he specify the amounts of unliquidated damages he was claiming.[4] Prater did not answer Castle's discovery request prior to trial and Castle took no action on the request until the trial began.

On August 27, 2001, the case was called for trial and both parties announced ready. Castle's attorney then moved the trial court to exclude any evidence pertaining to Prater's claim for unliquidated damages due to his failure to answer the interrogatories. The trial court reserved its ruling on the issue until after the jury had been called and sworn. Prior to the hearing on Castle's motion, but after the jury had been sworn, counsel for Prater handed the answers to interrogatories to Castle's counsel. At the hearing, Castle cited CR 8.01(2) and *Fratzke*, *supra*, and argued that since Prater had failed to answer the

---

Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

**2.** Kentucky Rules of Civil Procedure.

**3.** Ky., 12 S.W.3d 269 (1999).

**4.** The record does not include the interrogatories, but the following interrogatory was set out in Castle's brief on appeal and Prater has not disputed the accuracy of the interrogatory. "Interrogatory No. 16: Please state the specific amount of damages you are claiming for the following:

   A.  Past, present and future pain and suffering;
   B.  Lost wages;
   C.  Medical expenses;
   D.  Future medical expenses; and
   E.  Permanent impairment of your power to earn money."

interrogatories concerning his claim for unliquidated damages prior to announcing ready, the trial court was required to prohibit Prater from introducing any evidence pertaining to his claim for unliquidated damages.

In response, Prater admitted that he had failed to answer Castle's interrogatories prior to trial and he moved the trial court for leave to file belated answers to the interrogatories. Prater argued that under *Fratzke,* the trial court had the discretion after the trial had commenced to entertain a motion for leave to file belated answers to interrogatories. The trial court, however, disagreed with Prater's reading of *Fratzke* and concluded that it did not have any discretion to consider Prater's motion for leave to file belated answers and that it was therefore required to sustain Castle's motion to exclude any evidence pertaining to Prater's claim for unliquidated damages. The trial court reasoned that while it did have discretion to entertain Prater's motion for leave to file belated answers to the interrogatories after the trial had commenced, that once Castle made a motion to exclude all evidence pertaining to Prater's claim for unliquidated damages that discretion was lost. The trial court dismissed the jury and subsequently entered a written order and final judgment explaining its reasons for the dismissal of Prater's action. This appeal followed.

■ Prater argues that the trial court erred by sustaining Castle's motion *in limine* to exclude any evidence pertaining to his claim for unliquidated damages and by refusing to consider his motion for leave to file belated answers to the interrogatories. We begin our analysis by considering CR 8.01(2), which reads as follows:

In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories; if this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories.

The trial court concluded based on its reading of *Fratzke, supra,* that CR 8.01(2) was mandatory and that once Castle had made her motion to exclude evidence pertaining to Prater's claim for liquidated damages, it no longer had any discretion to entertain Prater's motion for leave to file belated answers to the interrogatories.

In *Fratzke,* the plaintiff was injured when she was hit by a car while walking in a picket line. She sued the driver, Murphy, and claimed general damages in the complaint for medical expenses, pain and suffering, and impairment of earning capacity. Murphy subsequently served Fratzke with a set of interrogatories requesting that she identify and quantify each of her claims for damages. Fratzke filed timely answers to the interrogatories propounded by Murphy, however, her answers omitted an amount for any damage claim other than medical expenses incurred to date.

The case proceeded to trial and during opening statements defense counsel objected to certain references made by Fratzke's attorney concerning unliquidated dam-

ages.[5] Defense counsel cited CR 8.01(2) and argued that Fratzke was prohibited from recovering any unliquidated damages as she had failed to include the amount of any unliquidated claims in her answers to the defendant's interrogatories. The trial court reserved its ruling on the issue and allowed Fratzke's attorney to continue his opening statement. At the close of the trial, defense counsel objected to any jury instructions pertaining to damages other than medical expenses. The trial court overruled the objection and instructed the jury on both the medical expenses and Fratzke's claim for unliquidated damages. The jury returned a verdict awarding Fratzke monetary damages for her claim for unliquidated damages.[6]

Murphy appealed to this Court and it affirmed. Our Supreme Court, however, reversed and remanded the case to this Court for reconsideration in light of its recent holding in *Burns v. Level.*[7] On remand, this Court reversed the trial court's award of unliquidated damages and the Supreme Court subsequently affirmed.[8] The Supreme Court reasoned that by failing to identify the amount of her unliquidated damages "Fratzke effectively stated that her claim for unliquidated damages was nothing." The Supreme Court went on to conclude that CR 8.01(2) is mandatory and that the trial court has no discretion to disregard application of the rule.[9] The Supreme Court held as a matter of law that any attempt to supplement the answers to the interrogatories after the trial has begun was not seasonable within the meaning of CR 26.05. The Supreme Court, however, qualified its holding by noting that "nothing in the rules precludes a trial court from entertaining a motion to supplement answers to interrogatories after trial has commenced." Fratzke never made such a motion.[10]

*Fratzke* was applied by our Supreme Court in *LaFleur v. Shoney's Inc.,*[11] where it affirmed this Court's reversal of a trial court's judgment. LaFleur had filed a negligence action against Shoney's Inc., claiming damages for lost wages, past and future pain and suffering, and past and future medical expenses. During discovery Shoney's propounded written interrogatories to LaFleur, which went unanswered for more than 30 days. Shoney's moved the trial court to compel LaFleur to answer and LeFleur filed her answers about four weeks later. In her answers LeFleur claimed specific amounts for medical expenses and lost wages, but "she claimed no specific amount for either special damages or unliquidated damages."[12] "[S]he stated that any special damages were 'undetermined'[,]" and "[a]s to the unliquidated damages, she stated, 'Plaintiff will supplement this information prior to trial.'"[13]

5. *Fratzke,* 12 S.W.3d at 270.

6. *Id.*

7. Ky., 957 S.W.2d 218 (1997).

8. *Fratzke,* 12 S.W.3d at 271.

9. *Id.* at 273 (citing *Burns, supra,* for the proposition that "CR 8.01(2) provides its own remedy and that implementation of that remedy is mandatory upon the trial court and not discretionary").

10. *Id.*

11. Ky., 83 S.W.3d 474 (2002).

12. *Id.* at 476.

13. *Id.*

The trial court ordered that no later than ten days before trial the parties were to exchange with each other and to file in the record "all claims for damages[.]"[14] Five days prior to trial, LaFleur's counsel filed an untimely compliance with the trial court's order and mailed the compliance to defense counsel, but it did not arrive until the day before the trial. The compliance listed specific amounts for medical expenses, lost wages, and lost ability to earn money.

On the morning of the trial, Shoney's made a motion *in limine* to preclude any evidence on LaFleur's claim for damages which exceeded the damages claimed in her interrogatory responses. After the trial court denied the motion, Shoney's moved for a continuance, which was also denied. The jury awarded LaFleur damages for past and future pain and suffering and past medical expenses. Shoney's appealed to this Court, which reversed and remanded. This Court instructed the trial court on remand to enter a judgment for medical expenses and lost wages in the same amounts as claimed by LaFleur in her answers to interrogatories.

In affirming this Court, our Supreme Court stated that the burden of complying with CR 8.01(2) was squarely placed on the plaintiff by the language in the rule "providing that 'the amount claimed shall not exceed the last amount stated in answer to interrogatories.'"[15] The Supreme Court noted that "*Fratzke* holds that this plain language places a duty on the plaintiff to seasonably supplement her answers to interrogatories."[16] The Supreme Court further stated that it had noted in *Fratzke*

that "this does not leave the plaintiff who fails to seasonably supplement her answers without any remedy. The plaintiff can move the trial court for leave to supplement her answers."[17] In *LaFleur*, as in *Fratzke*, the plaintiff did not move the trial court for leave to supplement her answers to the interrogatories.

In the case *sub judice*, Prater contends that the trial court erred by refusing to consider his motion for leave to supplement his answers to interrogatories. We agree. As previously discussed, the trial court concluded that CR 8.01(2) is mandatory and operates to take away the discretion of the trial judge when applying the rule. The trial court acknowledged that under *Fratzke* a party could make a motion to supplement responses to interrogatories after the trial had commenced; however, the trial court also concluded that "granting Plaintiff's motion, in the methods and manner so done, would serve to improperly circumvent the holding of *Fratzke* ...." The trial court interpreted *Fratzke* as precluding it from considering a motion for leave to file belated answers to interrogatories once a motion to exclude evidence of damages has been made pursuant to CR 8.01(2). According to the trial court, "[t]o allow the Plaintiff to then supplement answers would be to reinstate the discretion of the trial judge and render the holding of *Fratzke* meaningless."

While we agree with the trial court that *Fratzke* held CR 8.01(2) to be mandatory and that CR 8.01(2) eliminates the discretion of the trial court when applying that rule, we disagree with the trial court's interpretation of *Fratzke* as it was applied

14. *Id.*

15. *Id.* at 480.

16. *Id.*

17. *Id.* at 480 (citing *Fratzke,* 12 S.W.3d at 273).

to Prater's motion for leave to file belated answers to the interrogatories. *Fratzke* and *LaFleur* both hold that the trial court retains the discretion to consider a motion for leave to file belated answers to interrogatories during the course of the trial. While *Fratzke* precludes a trial court "from awarding damages for unliquidated claims that are in excess of the last amount claimed by the plaintiff in answers to interrogatories,"[18] the Supreme Court further stated that "nothing in the rules precludes a trial court from entertaining a motion to supplement answers to interrogatories after trial has commenced."

■ Thus, the trial court's reliance on *Fratzke* in support of its decision to deny Prater's motion for leave to file belated answers is misplaced as *Fratzke* does not limit a trial court's discretion in this regard. *Fratzke* simply limits the amount of unliquidated damages a party can claim to the last amount stated in the answer to the interrogatories. It is within the discretion of the trial court during the trial to determine whether it will allow the plaintiff to supplement those answers, thus changing the last amount stated. Accordingly, if a party, such as Fratzke and LeFleur, fails to timely answer or to timely supplement answers to interrogatories concerning a claim for unliquidated damages, and that party also fails to seek leave of the court during trial to file an untimely answer or an untimely supplemental answer to those interrogatories, a trial court is precluded from instructing the jury on an award for any claim of unliquidated damages in excess of the last amount stated in the answers to the interrogatories. However, if a party moves the trial court at anytime

during trial for leave to file belated answers or supplemental answers to the interrogatories concerning his claim for unliquidated damages, the trial court retains the discretion to permit or to deny such a request. We hold that the trial court in the case *sub judice* erroneously applied the holding of *Fratzke* by refusing to consider Prater's motion for leave to file belated answers to the interrogatories propounded by Castle.

Accordingly, the judgment of the Johnson Circuit Court is reversed and this matter is remanded for the trial court to consider Prater's motion for leave to file belated answers to the interrogatories propounded by Castle.

ALL CONCUR.

---

18. *Fratzke,* 12 S.W.3d at 273 (quoting *National Fire Insurance Co. v. Spain,* Ky.App., 774 S.W.2d 449, 451 (1989)).