**Larry GREER and Diana Svacina, Appellants/Cross–Appellees**

**v.**

**Henry HOOK and Allstate Insurance Company, Appellees/Cross–Appellants.**

**Nos. 2010–CA–001767–MR, 2010–CA–001806–MR.**

Court of Appeals of Kentucky.

Sept. 14, 2012.

Wolodymyr Cybriwsky, Prestonburg, KY, for appellants/cross-appellees.

B. Clark Batten, II, Ashland, KY, for appellee/cross-appellant Henry Hook.

Before CLAYTON, MAZE and TAYLOR, Judges.

## OPINION

MAZE, Judge:

Larry Greer and Diana Svacina (Appellants) appeal from the Pike Circuit Court's dismissal of their personal injury suit for failure to properly supplement their answers to interrogatories regarding unliquidated damages. On cross-appeal, Henry Hook (Hook) appeals the trial court's May 2009 order setting aside its dismissal of the case for lack of prosecution, after which the case proceeded to trial before it was dismissed and appealed to this Court. Finding neither error nor abuse of discre-

tion on the part of the trial court, we affirm its dismissal of Appellants' case.

Following a motor vehicle accident on August 30, 2002, Appellants filed suit against Hook for injuries they sustained in that accident. In July of 2004, Hook propounded to both Appellants his First Set of Interrogatories, which included the following request:

*INTERROGATORY NO. 17:* Please state the specific amount of damages you are claiming for the following:

(a) past, present and future pain and suffering;

(b) lost wages;

(c) medical expenses;

(d) future medical expenses; and

(e) permanent impairment of your power to earn money.

Greer responded to this interrogatory by stating, "Plaintiff will supplement." Svacina responded by stating, "Will be provided." Further litigation ensued, during which no fewer than three attorneys represented and then withdrew as counsel for Appellants. Appellants did not file supplemental answers to Hook's interrogatories prior to trial. Trial dates were set and continued at both parties' request five times between June 2006 and January 2010. In May of 2009, the trial court dismissed the case for lack of prosecution. Following Appellants' motion to reconsider, the trial court reinstated the case and scheduled the matter for trial.

When the parties appeared for trial on April 7, 2010, Hook made a motion pursuant to Kentucky Rules of Civil Procedure (CR) 8.01(2) asking the court to exclude any reference by Appellants to unliquidated damages due to their failure to timely answer the 2004 interrogatory. Hook also moved for dismissal of the case, as the exclusion of such damages would mean Appellants could prove no damages at tri-

al. After the court prompted him to do so, counsel for Appellants responded by moving for leave to supplement his clients' answers, stating that Appellants were seeking a million dollars in unliquidated damages. The trial court immediately abandoned the trial scheduled for that day and scheduled a hearing on the motion to dismiss, allowing Appellants thirty days to respond to the motion and file their supplemental answers. Counsel for Appellants filed their supplemental answers to interrogatories and their response to Hook's motion to dismiss on the morning of the hearing. These answers requested unliquidated damages in an amount greater than the amount asked for on the day of trial.

At the hearing, counsel for Appellants argued against dismissal, stating that Hook was or should have been on notice of the damages that they were requesting and that Hook's attorney had been capable of, but simply failed to obtain an order compelling such information prior to trial. After taking the issue under submission and allowing Hook to reply to Appellants' response and supplemental answers, the trial court dismissed the case. In its meticulously written opinion, the trial court held that Appellants had failed to meet their burden of proving that such supplementation did not prejudice the Defendant. The court found that pursuant to CR 8.01(2), Appellants' demand for unliquidated damages could not exceed zero because they had failed to list any damages prior to trial, a fact which compelled dismissal of the case. This appeal and cross-appeal followed. On appeal, Appellants argue the trial court abused its discretion in dismissing the case and that the court erred in not finding that Hook had waived strict compliance with CR 8.01 by repeatedly failing to obtain an order to compel, or otherwise

request, answers to the interrogatory in question.

■ We first address the Appellants' claim that the trial court abused its discretion by holding their damages to be effectively zero and dismissing the case. To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky.2007) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999)). Absent a "flagrant miscarriage of justice[,]" the trial court will be affirmed. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983).

This case largely turns on the interpretation of CR 8.01(2), which reads:

In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. *When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories. If this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories; provided, however, that the trial court has discretion to allow a supplement to the answer to interrogatories at any time where there has been no prejudice to the defendant.*

CR 8.01(2)(emphasis added).

■ The Supreme Court has consistently held that the purpose of CR 8.01(2) is to put the defendant on notice of the amount of damages at stake and that the "shall not

exceed" language of the rule is mandatory. *Thompson v. Sherwin Williams Co., Inc.*, 113 S.W.3d 140, 143 (Ky.2003); *see also LaFleur v. Shoney's, Inc.*, 83 S.W.3d 474, 480 (Ky.2002); *Fratzke v. Murphy*, 12 S.W.3d 269, 271 (Ky.1999); *Burns v. Level*, 957 S.W.2d 218, 221 (Ky.1997); *Nat'l Fire Ins. Co. v. Spain*, 774 S.W.2d 449, 451 (Ky.App.1989). If the plaintiff responds to a CR 8.01(2) interrogatory and does not supplement the response, the plaintiff's recovery is limited to the amount stated in the last response; if the plaintiff does not respond to the interrogatory, the plaintiff is not entitled to an instruction on unliquidated damages. *Id.*

In the leading case on point, *Fratzke v. Murphy, supra*, the plaintiff responded to interrogatories requesting all of her damages by supplying only a list of her medical expenses to that point. *Id.* at 270. At trial, after plaintiff referenced additional damages in his opening statement and attempted to file supplemented answers regarding damages on the last day of trial, defendant objected to the instruction of the jury on any damages other than the disclosed medical expenses. Over the defendant's objection, the trial court submitted the instruction to the jury, which returned a verdict for the plaintiff well in excess of the damages originally disclosed in the plaintiff's interrogatories. The Supreme Court reversed the trial court's decision permitting the additional damages and remanded the case with instructions to limit the award to only those damages listed in the plaintiff's original answers. The Court reasoned that, in the absence of a motion for leave to supplement, the language of CR 8.01(2) was mandatory and required exclusion of any unliquidated damages not referenced in documents seasonably provided to counsel and to the court. The Court extended this holding in *LaFleur v. Shoney's, Inc., supra*, holding that where a plaintiff fails to provide any

answer to CR 8.01(2) interrogatories until five days prior to trial, she is precluded from claiming any additional damages.

The Court of Appeals faithfully followed both *Fratzke* and *LaFleur* in *Prater v. Castle*, 139 S.W.3d 921 (Ky.App.2003). In *Prater*, the trial court concluded that the language of CR 8.01(2) was mandatory, compelling dismissal and preventing the court from entertaining a motion filed by plaintiffs for leave to file belated answers. In reversing this decision, the Court of Appeals noted one key factual distinction in *Prater*: that, unlike in *Fratzke* and *LaFleur*, the plaintiff in *Prater* moved the court for leave to supplement or amend his answers. Nevertheless, the Court in *Prater* applied *Fratzke* and *LaFleur* to its case, offering what we believe to be the most cogent summation of the legal framework in those cases:

> [I]f a party, such as [in] *Fratzke* and *LaFleur*, fails to timely answer or to timely supplement answers to interrogatories concerning a claim for unliquidated damages, and that party also fails to seek leave of the court during trial to file an untimely answer or an untimely supplemental answer to those interrogatories, a trial court is precluded from instructing the jury on an award for any claim of unliquidated damages in excess of the last amount stated in the answers to the interrogatories. *However, if a party moves the trial court at any time during trial for leave to file belated answers or supplemental answers to the interrogatories concerning his claim for unliquidated damages, the trial court retains the discretion to permit or to deny such a request.*

*Prater v. Castle*, 139 S.W.3d 921, 926 (Ky.App.2003)(emphasis added).

■ In the case at bar, Appellants made a motion for leave to amend their answers, placing it in closer factual proximity to *Prater*, but still under the rule of *Fratzke* and *LaFleur*. Thus, under *Prater*, the trial court had discretion to grant or deny Appellants' motion. *See also Fratzke* at 272 ("We note that nothing in the rules precludes a trial court from entertaining a motion to supplement answers to interrogatories after trial has commenced."). In citing to *Prater*, Appellants seem to confuse the court's discretion to hear the motion with a duty to grant it. No such duty exists. If the trial court, like in *Prater*, had refused to even entertain Appellants' motion, citing the mandatory language of CR 8.01(2), we might be inclined to find error in such a decision. However, with these facts before us, we read CR 8.01(2) and the above cases to mean that any reference by Appellants to unliquidated damages amounts above zero was properly excluded at trial.

■ Appellants contend that to hold CR 8.01(2) as compelling dismissal is a "draconian" reading of that rule. As the Supreme Court has stated, one purpose of CR 8.01(2) and other discovery rules is to eliminate or significantly reduce the element of surprise at trial. *LaFleur v. Shoney's, Inc., supra*, at 478. The argument that a strict reading of such rules is somehow a harsh miscarriage of justice not only ignores the plain language of the rules, but also seriously discounts their solemn purpose. *Id.* at 477. This trial court acted exactly as instructed under *Fratzke, LaFleur* and *Prater*. Upon being moved by Appellants for leave to supplement, the court allowed the parties to "make a record" in response to both the motion to supplement and Hook's motion to dismiss. The court did not summarily dismiss the case, as the trial court erroneously did in *Prater*. Instead, the court gave Appellants ample opportunity to meet their burden of proving that Hook was not prejudiced by the surprise of learning about a

claim for millions in unliquidated damages the day of trial. That the trial court did not agree, and ultimately decided to dismiss the case does not constitute an abuse of its discretion.

■ Appellants next argue that Hook waived strict compliance with the otherwise mandatory language of CR 8.01(2) by failing to request or compel an answer to their interrogatories. On this issue, we review the trial court's decision *de novo* for error in its application of law to the undisputed facts at hand.

Appellants assert that over the course of the case's six-year litigation history, Hook was provided "unlimited opportunity to inquire of both Appellants any [and] all discoverable information, and he never made a request for any further discovery or motion to compel." Therefore, according to Appellants, Hook's failure to prompt or compel an answer to the 2004 interrogatory regarding unliquidated damages effectively waived a strict reading of CR 8.01(2).

As a basis for their argument, Appellants rely heavily upon the Supreme Court's decision in *Tennill v. Talai*, 277 S.W.3d 248 (Ky.2009). In *Tennill*, the Supreme Court found that, where a defendant conducts a deposition on the specific issue of "amount of damages" and fails to ask questions which would remedy plaintiff's failure to answer interrogatories under CR 8.01, that defendant has waived strict compliance with CR 8.01(2). *Id.* at 251. In the absence of such a glaring omission as the one committed by the defendant in *Tennill*, however, the burden to supplement information requested under CR 8.01(2) falls on the party seeking unliquidated damages. *Tennill* at 250. ("CR 8.01(2) is to be strictly construed so as to put the burden on the claimant to submit the amount of unliquidated damages in answers to written interrogatories[.]")

■ The argument that a defendant was or should have been aware of the claims in question would have merit if the purpose of CR 8.01(2) was to apprise a party merely of the *nature* of an opposing party's claims for unliquidated damages. *Fratzke v. Murphy*, 12 S.W.3d at 272 (Ky.1999). However, the purpose of the rule is to allow a party to discover the *amount* an opposing party is seeking for unliquidated damage claims. *Tennill* at 250 (citing to *Fratzke*, 12 S.W.3d at 273 (internal quotes omitted)).

Furthermore, the facts in the present case clearly distinguish themselves from those in *Tennill*. The record shows that, subsequent to his first set of interrogatories in 2004, Hook never sought a deposition on the specific issue of amount of damages—the sole act by the defendant in *Tennill* which prompted the Court to find waiver. Therefore, Appellants erroneously rely on *Tennill* in asserting that Hook waived strict compliance with CR 8.01(2), as nothing in the record demonstrates Hook had the express opportunity to request the required information and simply failed to do so. Thus, Hook at no time waived strict application of CR 8.01(2)'s requirements and it remained Appellants' responsibility to submit the requested information. In sum, we find no error in the trial court's unwillingness to find waiver of strict compliance with CR 8.01(2) which would have forced Hook to assume a legal burden that was not his to bear.

Finally, this case was nearly eight years old when the trial court dismissed it. The case was filed in 2003. The interrogatories in question were propounded in 2004. The case itself was briefly dismissed for lack of prosecution in 2009. Notwithstanding this, the trial court exercised great patience, giving the Appellants every opportunity to remedy the deficiencies in

their discovery responses. That the Appellants failed to do so in a seasonable and non-prejudicial matter is neither the fault of Hook nor of the trial court.

In sum, we find that the court did not err in holding that it was Appellants', and not Hook's, burden to supplement the answers regarding damages. Further, the decision to grant or deny Appellants' motion to supplement fell squarely within the court's discretion and the court did not abuse that discretion in finding that Appellants' supplementation of their answers on the day of trial would have prejudiced Hook.

Therefore, we affirm the trial court's dismissal of the case, and as a result, we do not address Hook's cross-appeal regarding the trial court's 2009 reinstatement of the case from dismissal, as this argument is now moot.

ALL CONCUR.