**Lucille JACKSON, Appellant,**

v.

**BEATTYVILLE WATER DEPARTMENT and Jason Horn, Appellees.**

No. 2008–CA–000421–MR.

Court of Appeals of Kentucky.

Feb. 20, 2009.

Melissa C. Howard, Jackson, KY, for appellant.

Donald M. Wakefield, Lexington, KY, for appellee, Beattyville Water Department.

Thomas K. Hollon, Beattyville, KY, for appellee, Jason Horn.

Before CLAYTON, MOORE, and STUMBO, Judges.

## OPINION

STUMBO, Judge.

Lucille Jackson appeals from an order of the Lee Circuit Court remanding her action to Lee District Court upon finding that Jackson failed to establish a prima facie case that her damages exceeded the $4,000 amount required to confer jurisdiction on the circuit court. She contends that the circuit court abused its discretion in transferring the matter to district court because the pleading of the jurisdictional amount in the complaint establishes subject matter jurisdiction which subsequent events cannot defeat. For the reasons discussed below, we reverse and remand the order on appeal.

On May 30, 2006, Jackson filed a complaint in Lee Circuit Court against Jason Horn and Beattyville Water Department. She alleged entitlement to an easement by necessity across a parcel of real property owned by Horn for the purpose of accessing a landlocked cemetery in which she possessed an ownership interest. She further claimed that Beattyville Water Company, (hereinafter "the Water Company"), negligently repaired one or more water lines resulting in damage to some headstones and footstones at the cemetery. The complaint demanded the judicial recognition of an easement by necessity and compensatory damages in the amount of $7,500.

Horn answered the complaint by denying that the cemetery is landlocked and further denying that he owned the parcel over which Jackson sought to establish an easement. Jackson moved for a default judgment against the Water Company which had not responded. After obtaining leave of court to file an untimely response to the complaint, the Water Company answered with a general denial.

Discovery followed in the form of interrogatories answered by Jackson. Based on the discovery, the Water Company moved on April 12, 2007, for dismissal of Jackson's action or, in the alternative, for summary judgment. The motion was based on the Water Company's claim that Jackson would not be able to prove damages in excess of the $4,000 jurisdictional amount at trial. A hearing on the motion was conducted on April 19, 2007, where Jackson argued that her allegation in the complaint of damages in excess of $4,000.00 should suffice to establish jurisdiction.

In response, the circuit court ordered Jackson to provide supplemental interrogatories setting out precisely what damages she had incurred including her actual cost of repair to the headstones and footstones. The answers were to be provided within 20 days, i.e., by May 10, 2007. After Jackson filed the supplemental answers on April 25, 2007, and mailed a copy to defense counsel's last known address, an order was rendered on May 2, 2007, directing her to produce the supplement answers which she had already filed. Jackson would later

contend that the order, which was prepared by defense counsel, exceeded the scope of the circuit court's original oral ruling at the April 19, 2007, hearing.

On May 2, 2007, Jackson's counsel received a notice that a status conference was set for May 16, 2007. Jackson's counsel filed a motion to continue since she would be involved in a jury trial in another county on that date. No court action on the motion appears in the record, and the hearing was conducted on May 16, 2007.

At the hearing, defense counsel stated that he had not received any supplemental answers to interrogatories from Jackson. Jackson's counsel was not present. After discussing the matter with defense counsel, the circuit court directed counsel to prepare an order transferring the action to Lee District Court based on Jackson's failure to establish a prima facie case that her damages exceeded the jurisdictional amount.

On June 2, 2007, Jackson tendered a motion to set aside the transfer order, noting that she had filed supplemental answers to interrogatories as directed by the court and which were found in the record. As of that date, however, no written order transferring the matter appeared in the record. On February 25, 2008, the court rendered an order overruling Jackson's motion to set aside the order transferring the action to district court. In that same order, the court ordered that the action be transferred to Lee District Court. This appeal followed.[1]

---

1. The Water Company argues that Jackson's motion to set aside was untimely and that her appeal is time-barred. This argument is based on counsel's claim that the circuit court made an oral order from the bench transferring the matter to district court at the May 16, 2007, hearing, which started the clock running for subsequent motions and the eventual appeal. We characterize Judge Sparks' state-

ment at the hearing as one directing counsel to prepare an order for later entry and not as an order itself. Counsel's reference to a court docket in the record does not alter this conclusion and it is clear that the first written order in the record transferring the action was made on February 21, 2008. It is also worth noting that though the order was signed by Judge Sparks on February 21, 2008,

Jackson now argues that the Lee Circuit Court committed reversible error in transferring the action to Lee District Court based on Jackson's failure to establish a prima facie case of damages in excess of the $4,000 amount required to establish jurisdiction in the circuit court. Citing the unpublished opinion of *Ogburn v. Earl Floyd Ford–Mercury, Inc.*, 2007 WL 2812593 (Ky.App.2007),[2] she maintains that the amount of damages set out in the complaint establishes jurisdiction and that "once a court acquires jurisdiction ... such jurisdiction cannot be lost or defeated by subsequent events." *Id.* She notes that her complaint alleged damages of $7,500 and refutes defense counsel's assertion at the hearing that he had not received any supplemental interrogatory answers from her. The focus of her argument on this issue is that the filing of the complaint alleging damages in excess of the jurisdictional amount, coupled with the filing of supplemental interrogatory answers in support of the complaint, are sufficient to establish jurisdiction with the circuit court. Jackson also argues that the court erred in dismissing Horn from the action without any motion or notice to her.

We have closely examined the written arguments and the law and are persuaded that Jackson's complaint, coupled with her answers to interrogatories, was sufficient to establish jurisdiction in Lee Circuit Court. The circuit court is a court of general jurisdiction and has original jurisdiction of all justiciable civil causes of action not exclusively vested in some other court. Kentucky Revised Statutes (KRS) 23A.010(1). Jurisdiction vests with the district court in civil cases in which the "amount in controversy does not exceed four-thousand dollars ($4,000), exclusive of interest and costs[.]" KRS 24A.120. Ergo, the circuit court has original jurisdiction in civil actions where the amount in controversy exceeds $4,000.

While we agree with Jackson that there is a paucity of caselaw on this issue, in *Dalton v. First National Bank of Grayson*, 712 S.W.2d 954 (Ky.App.1986), a panel of this Court recognized the statutory prerequisites for establishing jurisdiction in circuit court by holding that a circuit court lacks subject matter jurisdiction where the amount in controversy does not exceed the jurisdictional amount. "Furthermore, we find that the circuit court lacked jurisdiction over the subject matter since the amount in dispute never exceeded the [then] $2,500.00 jurisdictional amount." *Id.*, at 959.

In the matter at bar, the amount in dispute exceeds the $4,000 jurisdictional amount set out in KRS Chapters 23A and 24A. Not only did Jackson allege damages of $7,500 in her complaint, but also her supplemental answers to interrogatories, which are set out at page 92 of the Record on Appeal, again allege damages in excess of $4,000 and address them with slightly more specificity. In response to Interrogatory No. 11, which said, "[P]lease quantify the alleged damage to the cemetery in terms of repair costs and identify the person or entity responsible for giving you such estimate," Jackson answered:

> The funeral homes that I received the estimates from indicate that the $2000 was just the cost of the stones. Other items such as footstones and the actual work at the cemetery setting the stones

it was erroneously time-stamped by the clerk's office as having been filed on February 25, 2007.

**2.** Jackson relies on Kentucky Rules of Civil Procedure (CR) 76.28(4)(c) to allow citation of an unpublished opinion where there is no published opinion which would adequately address the issue before the court.

cost extra. I have obtained estimates from several funeral homes, and I estimate that it will cost $1200 for these footstones and the labor to put them in.

In addition, we will have to fill in the holes with heavy equipment. It costs $500 for Ricky Barnett's machine and an additional approximately $350 for the labor on filling in the holes. This is provided that the fence does not require any additional repairs.

■ This supplemental answer was given for the express purpose of demonstrating that the amount in controversy exceeded the jurisdictional amount. The combined amount of these alleged damages is in excess of $4,000 and does not include any possible additional repairs to fencing. It is worth noting that Jackson's pleading and answers *are not proof of damages*. Rather, they merely represent the amount in controversy as required by KRS Chapters 23A and 24A and the caselaw. Neither the parties nor the court may reasonably determine whether Jackson actually sustained damages in excess of the jurisdictional amount—or any damages at all—until the conclusion of any subsequent jury trial. But for the purpose of conferring jurisdiction, proof of damages is not required.

We must also note that the record refutes defense counsel's assertion at the May 16, 2007, hearing that Jackson did not file any supplemental answers to interrogatories. The video record of that proceeding further reveals that Circuit Judge Daniel Sparks based his conclusion to transfer the matter to district court in part or in whole on counsel's erroneous statement. Since the court was mistakenly caused to believe that Jackson had not filed a supplemental answer, and because that answer demonstrates that the amount in controversy exceeds the jurisdictional amount, we must reverse and remand on this issue.

Jackson also argues that the court erred in dismissing Horn from the action. No order appears in the record dismissing Horn, and Horn acknowledges in his written argument that "no order has actually been entered specifically dismissing him...." While we agree with Horn that statements made by the Circuit Judge at an April 19, 2007, hearing appear to indicate the courts intent that Horn eventually be relieved of further participation in the action, no such order so stating has been rendered and entered into the record, and accordingly, there is nothing for us to review on this issue.

For the foregoing reasons, we reverse and remand the order of the Lee Circuit Court.

ALL CONCUR.