**Tiffany M. LEGG, Appellant**

v.

**COMMONWEALTH of Kentucky; and Candace L. Back, Appellees**

**NO. 2015-CA-001502-ME**

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER 23, 2016; 10:00 A.M.

---

BRIEF FOR APPELLANT: Sands M. Chewning, Hopkinsville, Kentucky

BRIEF FOR APPELLEE: Lincoln W. Foster, Hopkinsville, Kentucky

BEFORE: CLAYTON, D. LAMBERT AND NICKELL, JUDGES.

## OPINION

D. LAMBERT, JUDGE:

This is an appeal from the September 3, 2015 order of the Christian Family Court

directing Tiffany M. Legg to pay child support. After review, we affirm.

## I. DISCUSSION

Tiffany M. Legg and Candace L. Back entered into a civil union in New Jersey in 2010. At the time of their union, Back was pregnant. She gave birth to Ethan David Aldrige-Legg a few days after entering her union with Legg. Following Ethan's birth, Legg and Back decided to designate Legg as Ethan's father on his birth certificate. The parties also chose the hyphenated surname. Aldridge was Back's former last name.

Legg and Back later moved to Kentucky. Their relationship evidently fell apart, however, and on March 14, 2014, they filed for divorce in the Christian Family Court. Along with their petition to dissolve their marriage, the divorcing couple attached an affidavit from a man named William Bachman that stated he was Ethan's biological father. According to Bachman, Legg and Back intended to assume the role of Ethan's parents, despite the fact he was Ethan's biological father.

Legg and Back's divorce was held in abeyance until the U.S. Supreme Court decided *Obergefell v. Hodges*, —— U.S. ——, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), the seminal case requiring states to recognize same-sex marriages validly performed out of state and prohibiting states from barring "same-sex couples from marriage on the same terms as accorded to couples of the opposite sex." *Id.* at 2607. Following that decision, the family court dissolved the marriage. The family court also found Legg was Ethan's parent as a matter of law and equity. According to the family court, Legg had acted *in loco parentis* with respect to Ethan and ordered her to pay child support. This appeal followed.

## II. STANDARD OF REVIEW

■■■ Appellate review of a child support award is governed by the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky.App.2009). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779–80 (Ky.App.2013)(citation omitted). Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed. *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky.App.2012).

## III. DISCUSSION

On appeal, and without citing a specific legal authority, Legg argues the family court was statutorily required to terminate the biological father's parental rights before declaring she was Ethan's legal parent. Legg also argues Bachman, as the admitted biological father, is the only person obligated to pay child support under Kentucky Revised Statutes (KRS) Chapter 406. Legg does not challenge the family court's equitable finding that she was Ethan's parent nor does she challenge the family court's finding that she acted *in loco parentis* during the marriage. For the following reasons, the family court did not abuse its discretion.

■■■ Kentucky law applies the doctrine of equitable estoppel "to prevent a man who has held himself out as a child's father from denying paternity" for child support purposes. *S.R.D. v. T.L.B.*, 174 S.W.3d 502, 507 (Ky.App.2005). The theory underlying this doctrine is that

[w]here one has, by a course of conduct, with a full knowledge of the facts with reference to a particular right or title,

induced another, in reliance upon such course of conduct, to act to his detriment, he will not thereafter be permitted in equity to assume a position or assert a title inconsistent with such course of conduct, and if he does he will be estopped to thus take advantage of his own wrong.

*K.W. v. J.S.*, 459 S.W.3d 399, 403 (Ky.App. 2015). Although same-sex parents are biologically incapable of producing offspring together, Kentucky's courts must equally apply maternity/paternity-by-estoppel principles when a putative parent married to an individual of the same sex attempts to avoid his or her child support obligation. To hold otherwise would deny same-sex married couples their constitutional right to enjoy "the same legal treatment as opposite-sex couples" by "disparag[ing] their choices and diminish[ing] their personhood ...." *Obergefell*, 135 S.Ct. 2584 at 2602.

Here, it is undisputed that Legg and Back married before Ethan was born. It is also undisputed that Legg knew she was not Ethan's biological parent when she designated herself as Ethan's "father" on his birth certificate and when she agreed that Ethan would bear her last name. Accordingly, when coupled with the family court's sufficient finding that Legg acted as Ethan's parent for roughly four years, equity will not permit Legg to now claim she never intended to raise Ethan alongside Back with the love, care, and support a parent is expected to provide his or her child. The judgment of the Christian Family Court is thus affirmed.

ALL CONCUR.