NICKELL, JUDGE:
The Commonwealth of Kentucky appeals from a Jefferson Circuit Court order entered January 18, 2017, granting William Bennett's motion to dismiss charges and grant immunity from prosecution under KRS 1 503.085. After careful consideration, we reverse the dismissal and grant of immunity and remand for reinstatement of the charges.
The events of this case stem from a shooting following an altercation involving several people. Both parties rely primarily on a video produced from an unrelated ongoing arson investigation. Despite attempts to enhance this video, it is of poor quality and lacks audio. Bennett and the Commonwealth each contend the video supports their respective arguments.
The relevant facts of this case are described in the Bill of Particulars:
[William Bennett] was involved in a verbal altercation with the victim [sic] Shelby Deutsch. [Bennett] became involved in a physical altercation with Michael Turner. [Bennett] fired a gun and Shelby Deutsch was shot in the face. Michael Turner and another witness, Tiffany Jecker, were standing between [Bennett] and Deutsch and were placed in substantial danger when the gun was fired.
Bennett and Deutsch began arguing during the latter's birthday celebration at his home. The argument revolved around Bennett's relationship with Deutsch's daughter. Bennett left the party and returned with his cousin an hour later, at Deutsch's request. Soon after his return, Bennett and Deutsch resumed arguing. The altercation moved to the front yard. Eventually a heated verbal exchange took place when three other family members joined Deutsch and his daughter and surrounded Bennett's car. The verbal altercation *270 turned physical when Turner rushed at Bennett, shoving him against the side of his car and punching him. At some point, Bennett drew his gun and fired. The bullet struck Deutsch in the face, grazing his cheek. After the shot was fired, one of the participants, possibly Turner, wrestled Bennett to the ground and pinned him down for about five minutes until police arrived.
After the initial police investigation, a Jefferson County grand jury indicted Bennett on one count of first-degree assault[2] and two counts of first-degree wanton endangerment.[3] He was arraigned in circuit court on the direct submission indictment. Bennett then filed a motion to dismiss, claiming immunity on self-defense grounds under KRS 503.085. The trial court heard arguments and set an evidentiary hearing on the issue. The Commonwealth moved the trial court to reconsider. After hearing argument on whether to hold an evidentiary hearing, Senior Status Judge Steve Mershon entered an order denying immunity and the motion to dismiss. Bennett then moved the court to reconsider the order denying immunity. After an additional hearing, the trial court set aside the order denying immunity, and again set the motion for an evidentiary hearing.
The Commonwealth sought a writ of prohibition in this Court to prevent the evidentiary hearing. Deciding the Commonwealth had an adequate remedy by appealing from the trial court's interlocutory order, the writ was denied. The Supreme Court of Kentucky reversed denial of the writ and prohibited the trial court from setting an evidentiary hearing and allowing Bennett to present his defense and introduce new witness testimony on his behalf. Commonwealth v. Eckerle , 470 S.W.3d 712 (Ky. 2015). On remand, the trial court heard arguments on Bennett's motion to dismiss, then entered an opinion and order finding immunity and granting dismissal. This appeal followed.
The standard of review for immunity claims under KRS 503.085 is whether a substantial basis supports the trial court's findings of fact. Commonwealth v. Lemons , 437 S.W.3d 708, 715 (Ky. 2014). On appellate review, this Court must establish whether the trial court, after using a totality-of-the-circumstances analysis, had a substantial basis for finding probable cause. Id. (citation omitted). The prosecution has the burden of proving "there is probable cause to conclude that the force used was not legally justified." Rodgers v. Commonwealth , 285 S.W.3d 740, 754 (Ky. 2009). Probable cause has been defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." Lemons , 437 S.W.3d at 715 (citation and internal quotation marks omitted).
KRS 503.085 requires the Commonwealth establish probable cause of unlawful use of force using the then-existing evidence of record. "The burden is on the Commonwealth to establish probable cause and it may do so by directing the court's attention to the evidence of record including witness statements, investigative letters prepared by law enforcement officers, photographs and other documents of record." Rodgers , 285 S.W.3d at 755. There is no corresponding right for the defendant to oppose the Commonwealth's proof of probable cause with his own proof supporting his justification. Id. Prosecution must proceed when the Commonwealth meets its probable cause burden. Id. at 754-55.
*271 However, the trial court failed to apply the correct probable cause standard to the facts of this case. Although we defer to the trial court's finding of fact, choosing the correct standard to apply is a legal conclusion. The standard of review for conclusions of law is de novo. Adcock v. Commonwealth , 967 S.W.2d 6, 8 (Ky. 1998) (citing Ornelas v. United States , 517 U.S. 690, 697, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996) ).
The Commonwealth argues it proved Bennett's actions were unlawful under a probable cause standard and, therefore, Bennett is not immune from prosecution. In granting his motion to dismiss, the trial court relied on Bennett's explanation of the events to find probable cause for justification and, consequently, immunity from prosecution. However, the proper standard is whether the trial court, based on the record before it, had a substantial basis for finding probable cause to believe Bennett's use of deadly force was unlawful-not whether Bennett's self-defense was justified.
Probable cause is a relatively low standard based on the "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Illinois v. Gates , 462 U.S. 213, 241, 103 S.Ct. 2317, 2333, 76 L.Ed.2d 527 (1983). It is not enough for the defendant to insist his actions were justified: a defendant's subjective belief in his "assertion of self-protection is not absolute." Gribbins v. Commonwealth , 483 S.W.3d 370, 374 (Ky. 2016) (citation omitted). The prosecution may overcome this low threshold by providing substantial evidence of imperfect self-defense or the existence of conflicting evidence in the record to show potential unlawful conduct.
Kentucky criminal statutes define unlawful force. The unlawful force alleged in the two charges for which Bennett was indicted are assault and wanton endangerment, both in the first degree. Accordingly, KRS 508.010 and KRS 508.060 establish the elements which must ultimately be proven at trial and define the applicable probable cause standard. The statutes relating to the unlawful use of force are distinct from the statutes allowing for justification of self-defense.
Self-defense is an affirmative defense described in KRS 503.050(1), which allows for justification "when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person." The statute also establishes deadly physical force is justifiable only when the defendant believes he is in danger of death or serious physical injury. KRS 503.050(2). Although there is no duty to retreat before using deadly force, KRS 503.050(4), there are limitations on justification, e.g., when the defendant resists arrest, provokes the use of physical force, or initiates the aggression, KRS 503.060. Immunity from prosecution is provided when the explicit conditions described in KRS 503.085 are clearly met.
Even if a defendant acts in self-defense, under KRS 503.120, immunity is unavailable when he is wanton or reckless in believing his use of force is justified, or when he injures or creates a risk of injury to innocent people. A defendant may not avoid liability and may be convicted of a crime:
(1)When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish justification under KRS 503.050 to 503.110 but the defendant is wanton or reckless in believing the use of any force, or the degree of force *272 used, to be necessary ... the justification afforded by those sections is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.
(2)When the defendant is justified under KRS 503.050 to 503.110 in using force upon or toward the person of another, but he wantonly or recklessly injures or creates a risk of injury to innocent persons, the justification afforded by those sections is unavailable in a prosecution for an offense involving wantonness or recklessness toward innocent persons.
KRS 503.120. This statute qualifies justification in cases of imperfect self-defense, when the defendant's use of force harms an innocent third party, or when the defendant is unreasonable in believing he was justified in the level of force used to defend himself. Id.
The trial court failed to analyze imperfect self-defense as defined in KRS 503.120. The trial court made no findings on whether Bennett's escalation of force was reasonable or justified, particularly when the shooting victim and at least one endangered bystander did not appear to take part in the physical aggression. In so doing, the trial court applied the wrong standard. The trial court should have decided, if probable cause existed, whether Bennett's use of deadly force was unlawful. The trial court failed to consider other components of the statute which prohibit self-defense immunity when the defendant is the initial aggressor or instigates the altercation. Neither did the trial court determine whether the victim, or those put in danger, were innocent, nor whether Bennett's belief the level of force used was reasonable, considering his use of deadly force. Although the video evidence alone may have provided probable cause of justification, the trial court erroneously terminated the proceedings, based on its determination there was probable cause to prove Bennett acted in self-defense.[4]
Contrary to the trial court's finding, the evidence in the record at this stage is, at best, inconsistent and ambiguous. Even assuming Bennett's interpretation of the video and version of the events are truthful, he could not be justified for purposes of self-defense immunity in any wanton or reckless actions towards innocent parties. KRS 503.120. Furthermore, a defendant is not entitled to self-defense immunity if he "provoke[d] the use of physical force" or "was the initial aggressor[.]" KRS 503.060(2) - (3). The video, and the record as it exists at this point, are unclear and conflicting on whether Bennett provoked the use of force through his words or actions or whether he was the initial aggressor.
The Supreme Court of Kentucky has recognized "conflicting evidence as to whether [the] use of deadly force was justified" supports the preclusion of a pretrial finding of immunity. Rodgers , 285 S.W.3d at 754. Video of the altercation appears to show Deutsch moving toward Bennett only after Turner lunged at Bennett. Deutsch does not appear to contact Bennett's body, and there is no clear evidence of Deutsch otherwise joining in the physical altercation. The video does not show when Bennett drew the gun. All the witness statements about that night, especially Deutsch's, differ from Bennett's version. According to Deutsch's statement he did *273 not physically confront Bennett and only tried to talk to him. It is unlikely shooting a person who only talks to, yells at, or verbally threatens the shooter could be justified as self-defense. There is evidence Deutsch did not physically attack Bennett, yet he is the one with the gunshot wound. The trial court's ruling does not properly consider the effect of this conflicting evidence in providing probable cause to justify Bennett's use of deadly force.
The question the trial court must resolve is not whether there is probable cause to show Bennett was justified and therefore, whether a defense of self-protection was reasonable. Instead, the trial court must decide only if there is probable cause to believe Bennett acted unlawfully and, consequently, is not entitled to a complete defense to avoid prosecution at this stage in the proceeding. A defendant may avoid prosecution entirely only when there is no substantial evidence to prove the defendant acted unlawfully. It is possible to establish probable cause of unlawfulness at the same time evidence justifying self-defense exists. However, after such probable cause is shown, the prosecution must proceed and the fact-finder must weigh the evidence of self-defense to decide whether it is a complete defense, an imperfect defense, or not justified.
Here, the trial court applied the wrong legal standard. Therefore, its grant of Bennett's motion to dismiss was erroneous. Rather, the trial court must consider all evidence currently in the record and all aspects of self-defense to determine-under the totality-of-the-circumstances standard-if probable cause exists to suggest Bennett's act of shooting was an unlawful use of force.
For the foregoing reasons, the order of the Jefferson Circuit Court is REVERSED, and the matter is REMANDED with instructions to reinstate the charges against Bennett and for further proceedings consistent with this Opinion.
DIXON, JUDGE, CONCURS.
THOMPSON, JUDGE, CONCURS IN RESULT ONLY.

KRS 508.010. A Class B felony.

KRS 508.060. A Class D felony.

Nothing in this Opinion precludes a later finding of self-defense either on a directed verdict or by a jury verdict based on a properly developed record.