RENDERED: MARCH 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1090-MR

RAYMOND HURT, JR. APPELLANT

v.
APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE ANDREW SELF, JUDGE
ACTION NO. 13-CR-00553

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

EASTON, JUDGE: The Appellant, Raymond Hurt, Jr. ("Hurt"), *pro se*, asks this

Court to reverse the circuit court's denial of jail credit. Finding the circuit court

did not err in denying Hurt's CR[1] 60.02 motion, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL HISTORY

Hurt pled guilty to multiple counts of trafficking in cocaine. He also pled guilty to being a persistent felony offender. For this case, he received a sentence of ten years. For another case[2] in the Christian Circuit Court, Hurt received another sentence of three years for a reduced charge of possession of cocaine. The original charge in this other case was another charge of trafficking in cocaine.

Hurt also had charges in Tennessee and in Muhlenberg County in Kentucky. The parties agreed the three-year sentence and the ten-year sentence in Christian County would be concurrent with each other and with any sentence to be imposed in Tennessee. Any sentence in Muhlenberg County would be consecutive. Hurt entered his plea in Christian County on February 12, 2015. At the initial sentencing hearing on May 20, 2015, the parties agreed to allow Tennessee to proceed first. It would be one year and three months later when the sentencing for this case in Kentucky could be completed on August 31, 2016.

During the pendency of this case, Hurt had been released on a non-cash bond but with home incarceration with an ankle monitor. The time of this monitoring was from December 12, 2013, through March 13, 2014, when Hurt was allowed to post a ten percent deposit bond, the ankle monitor condition was

---

[2] Case Number 13-CR-00223.

removed, and Hurt was placed on monitored conditional release ("MCR"). Hurt

eventually was arrested again and was in custody when he entered his guilty plea.

## STANDARD OF REVIEW

Hurt filed a motion for relief pursuant to CR 60.02. We review a

denial of such a motion for an abuse of discretion. *Gross v. Commonwealth*, 648

S.W.2d 853 (Ky. 1983). "The test for abuse of discretion is whether the trial

judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

"Appellate review of a trial court's factual findings is governed by the clearly

erroneous standard; factual determinations supported by substantial evidence will

not be disturbed." *Legg v. Commonwealth*, 500 S.W.3d 837, 839 (Ky. App. 2016).

## ANALYSIS

KRS[3] 532.120(7) mandates credit for pretrial time spent on home

incarceration. The time the circuit court authorized the ankle monitor system in

this case must be counted for this purpose. KRS 431.517; KRS 532.245. Time on

MCR does not satisfy these statutes. *Sanders v. Commonwealth*, 600 S.W.3d 266

(Ky. 2020).

The circuit court does not determine jail credit. KRS 532.120(3). The

circuit court may address jail credit by motion after a defendant has exhausted

---

[3] Kentucky Revised Statutes.

administrative review with the Department of Corrections ("DOC"). KRS 532.120(9). Hurt did not present any evidence he had exhausted DOC review before he filed his CR 60.02 motion. If considered as a CR 60.02 motion, Hurt's motion was not filed within a "reasonable time" as required by the specific provisions of that rule. Hurt filed his motion almost six years after his belated sentencing.

Despite these impediments to Hurt's motion, the circuit court reviewed the merits of Hurt's motion. Based upon evidence in the file, the circuit court found the amount of time previously calculated by the DOC was correct. This finding is not clearly erroneous, and the circuit court did not abuse its discretion by denying Hurt's motion.

## CONCLUSION

The order denying Hurt's CR 60.02 motion is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Raymond Hurt, Jr., *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky