RENDERED: OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1313-MR

ATKINS HOMES, LLC                                                        APPELLANT

v.                     APPEAL FROM FAYETTE CIRCUIT COURT
                        HONORABLE JULIE M. GOODMAN, JUDGE
                                  ACTION NO. 20-CI-03574

HOPE VEINOT                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE:  Atkins Homes, LLC, (Atkins) appeals from the order dismissing its claims against Hope Veinot, entered by the Fayette Circuit Court on October 10, 2022.  After a careful review of the record, briefs, and applicable law, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

In November 2018, Veinot moved into a rental property owned by Atkins and made a deposit of $1,395.  Although Veinot and Atkins attempted to

enter into a written lease agreement, they did not agree to the terms. Veinot made monthly rent payments of $1,395 – with occasional $50 late fees – until June 2020. Veinot also made a down payment of $7,700, hoping she might rent-to-own.

In August 2019, Atkins claims it gave notice to Veinot that it was increasing her rent to $1,550, but the only evidence in the record supporting this claim is the Affidavit of Ryan Atkins, a member of Atkins, and emails dated more than a year later. Veinot did not agree to this increase and continued to pay rent at the original rate. Atkins accepted and cashed Veinot's rent checks.

In July 2020, Veinot emailed Atkins that she would like to continue renting at the rate of $1,395 a month and that Atkins could keep part of her down payment as her July rent. However, she requested a refund of the remainder of her down payment as she was unable to purchase the property. In September 2020, Atkins provided notice to Veinot of the termination of her tenancy for failure to pay rent, filed a forcible detainer action, and kept Veinot's deposit and down payment. In October 2020, the Fayette District Court continued the case at Veinot's request until January 2021. In December 2020, Veinot vacated the property, and the forcible detainer action was dismissed.

In November 2020, Atkins filed the case herein, alleging breach of contract/tenancy, unjust enrichment, and willful holdover, and claiming it is entitled to a landlord's lien and attorney's fees. Veinot was served but did not

respond initially. In January 2021, Atkins moved the trial court for default judgment, but its motion was denied the following month because "the record does not contain proof that [Atkins] provided [Veinot] with written notice as required by KRS[1] § 383.660 and § 383.695."

Nothing further occurred in this case until the trial court entered a notice to dismiss for lack of prosecution in 2022. Atkins then renewed its motion for default judgment – moving alternately for summary judgment. After a hearing, at which both parties were present and evidence was submitted, the trial court dismissed Atkins' claims. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

An appellate court reviews a trial court's findings of fact only for clear error. *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004); *Univ. of Louisville v. Eckerle*, 580 S.W.3d 546, 551 (Ky. 2019) (citation omitted) ("Any finding of fact by the trial court is entitled to deference and will not be disturbed absent clear error."). When reviewing a lower court's interpretation of an oral agreement, the standard of review is *de novo*. *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003).

## LEGAL ANALYSIS

On appeal, Atkins first argues the trial court erred by not entering a default judgment against Veinot. Atkins claims its first motion for default judgment should have been granted due to Veinot's failure to appear or file any pleadings, evidence, or other documents with the trial court. It also asserts the grounds stated for the trial court's first denial of its request for default – Atkins'

failure to submit proof of notices given to Veinot under KRS 383.660 and KRS 383.695 – was improper.

However, Atkins' argument overlooks the portion of CR 55.01 that provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court, without a jury, shall conduct such hearings[.]

"In other words, the court may need to conduct a hearing[.]" *Key v. Mariner Fin., LLC*, 617 S.W.3d 819, 823 (Ky. App. 2020).

In the case herein, after Atkins renewed its motion for default judgment, a hearing was held at which the parties appeared and evidence was submitted. The trial court then treated the matter as one for summary judgment. The trial court determined – supported by substantial evidence – that the parties entered an oral month-to-month lease in November 2018 setting rent at $1,395. Although Atkins attempted to increase the amount of rent to $1,550 in August 2019, this change was rejected by Veinot. Atkins directs us to an Ohio case that supports its proposition that a landlord may unilaterally raise the rent, but it has not directed us to any corresponding Kentucky law.

Under Kentucky law, oral contracts – such as the one at issue herein – are typically enforceable, notwithstanding the absence of a signed writing. *Frear*,

103 S.W.3d at 105. Indeed, a valid oral contract, like a written contract, requires "offer and acceptance, full and complete terms, and consideration." *Coleman v. Bee Line Courier Serv., Inc.*, 284 S.W.3d 123, 125 (Ky. 2009). Herein, substantial evidence supports the trial court's findings of the oral contract's substance.

Following the hearing and submission of evidence, the trial court totaled the monies paid from Veinot to Atkins ($36,545.50) as evidenced by copies of cashed checks and an account statement from Venmo for the month Veinot used it to pay rent, and the amount Veinot owed Atkins for rent and late fees ($36,420), and found the difference ($125.50) owed to Veinot. Based on these calculations, the trial court concluded that Atkins' claims against Veinot failed. Its findings were supported by substantial evidence. Accordingly, the trial court was justified in not granting a default judgment – or summary judgment – to Atkins.

Atkins next argues the trial court erred in dismissing its claims and failing to award it the requested relief. Atkins claims the parties had only verbally agreed for Veinot's rent to be $1,395 for the first three months, as stated by Ryan in his affidavit. This, however, is contradicted by the record.

Veinot consistently asserted in her communications with Atkins that her rent was $1,395. That is the amount she paid from November 2018 until June 2020. Atkins admits in its pleadings that it did not attempt to raise the rent until August 2019. It also accepted Veinot's rent checks and cashed them without

objection or further action for the following year. It was not until August 31, 2020, that it informed Veinot of its intent to use her down payment and deposit to cover its proposed rental and deposit rate increases. The trial court found there was an implied contract between the parties in the form of a month-to-month, periodic tenancy at the rate of $1,395 per month and the parties never mutually agreed to an increase.

"Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed." *Legg v. Commonwealth*, 500 S.W.3d 837, 839 (Ky. App. 2016). Because substantial evidence supports the trial court's findings, we will not disturb them.

Atkins further contends that the trial court erred in determining that Veinot's holdover was not willful. However, Veinot ***overpaid*** rent. KRS 383.695(4) provides that "If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession[.]" It further states, "if the tenant's holdover is ***willful and not in good faith*** the landlord may also recover an amount not more than three (3) months' periodic rent or threefold the actual damages sustained by him, whichever is greater, and reasonable attorney's

fees." *Id.* (emphasis added). Here, because Veinot overpaid and acted in good faith, she does not meet the legal requirements to be considered a willful holdover.

Atkins also argues the trial court erred in not awarding it damages and attorney's fees "due to the federal moratorium on evictions then in effect." For the reasons previously discussed, Atkins was not entitled to damages or attorney's fees; thus, any potential error of referencing the federal moratorium was harmless. ("The doctrine of nonprejudicial error, sometimes called 'harmless error,' is that in determining whether an error is prejudicial, an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different." *Commonwealth v. McIntosh*, 646 S.W.2d 43, 45 (Ky. 1983). Just as in *McIntosh*, "careful examination of the record does not indicate that any different result would have been achieved in this case." *Id.*)

Atkins' final argument is that the trial court improperly dismissed its unjust enrichment claim. "For a party to prevail under the theory of unjust enrichment, they must prove three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009). Based on the foregoing – and the fact that Veinot ***overpaid*** Atkins – the trial court did not err in finding that Atkins failed to state a claim of unjust enrichment.

**CONCLUSION**

Therefore, and for the foregoing reasons, the order of the Fayette Circuit Court is hereby AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Carroll M. Redford, III
Elizabeth C. Woodford
Lexington, Kentucky