RENDERED: NOVEMBER 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1198-MR

TWO GUYS AND A PLANE, INC.
AND JAD FARHAT                                                    APPELLANTS

v.                   APPEAL FROM FAYETTE CIRCUIT COURT
                     HONORABLE KIMBERLY N. BUNNELL, JUDGE
                     ACTION NO. 20-CI-03225

NEXGEN AVIATION, LLC;
BRANDON CHRISTOPHER
MORTON; AND SHANNON DALE
GILLISPIE                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE: Two Guys and a Plane, Inc. ("TGP") and its sole

shareholder, Jad Farhat,[1] (collectively "Appellants") appeal the judgment of the

---

[1] Ron Napier was also a shareholder in TGP, but Farhat testified he bought out Napier's shares one to two years prior to the bench trial.

Fayette Circuit Court entered in favor of NexGen Aviation, LLC[2] ("NexGen") after a two-day bench trial. For the reasons stated herein, we affirm the circuit court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

TGP has a physical location in Kentucky, but is incorporated in Delaware. The only asset of TGP was a four-seater airplane purchased in 2013. Shortly after the purchase, TGP and NexGen entered into a "handshake deal" (*i.e.*, the agreement was never reduced to writing) whereby NexGen would lease the aircraft for $80 per hour. Hourly usage was to be measured by a specialized instrument contained in the aircraft called a Hobbs meter. Although NexGen was leasing the aircraft, TGP was responsible for the cost of all 100-hour and annual inspections of the aircraft during the lease period, as well as any ordinary and necessary repair and operating expenses. The circuit court found there was an additional agreement between NexGen and Farhat, individually, whereby Farhat would pay NexGen for flight instruction that occurred periodically during the lease period. However, during the approximate four years that NexGen leased the aircraft, they did not pay the rental fees and TGP did not pay for any inspections, repairs, or maintenance of the aircraft. Farhat also did not pay for flight instructions.

---

[2] Brandon Morton and Shannon Gillispie are the owners of NexGen. The circuit court dismissed TGP's individual claims against Morton and Gillispie at the close of TGP's case-in-chief. Those claims are not on appeal.

In 2018, Farhat filed suit against NexGen for unpaid rental fees. Fayette County Case No. 18-CI-02372. NexGen filed a counterclaim for $3,346.76 for unpaid flight instructions given to Farhat. NexGen then filed a motion to dismiss Farhat's claims, arguing he did not have standing to bring the lawsuit because the aircraft was owned by TGP, and the agreement was between NexGen and TGP. Farhat then filed a motion to amend the complaint to add TGP as a plaintiff. NexGen responded by arguing that TGP was in bad standing with the Secretaries of State in Delaware and Kentucky, and, as a result, could not prosecute a lawsuit because TGP could not obtain a certificate of authority from Kentucky's Secretary of State. On August 26, 2020, the circuit court entered an order in the 2018 case that: 1) dismissed Farhat's claims because he lacked standing, and ruled TGP could not bring the claims because it was in bad standing; and 2) transferred NexGen's counterclaim to the district court because it was under the $5,000 threshold amount necessary for the circuit court's jurisdiction after dismissal of Farhat's claims. NexGen did not pursue its claim in district court.

TGP took the necessary steps to get back into good standing with the Secretaries of State in Delaware and Kentucky and, on October 27, 2020, brought the same claim for unpaid rental fees against NexGen in the case at bar, Fayette County Case No. 20-CI-03225. The 2020 case was assigned to the same judge and division of the Fayette Circuit Court as the 2018 case. On June 7, 2022, an order

was entered that: 1) made Farhat a plaintiff so that NexGen could bring its claim for unpaid flight instructions; 2) consolidated NexGen's counterclaim for flight instructions from the 2018 case with the 2020 case; and 3) set aside the portion of the summary judgment from the 2018 case that transferred NexGen's claim to the district court.

The circuit court eventually held a bench trial. Before either side presented their proof, the circuit court heard arguments related to what NexGen argued were unliquidated damages of TGP. NexGen contended that TGP was limited to the damages in its most recent discovery responses, which were $25,053.28. TGP countered that it had always asserted that it was owed $80 per hour multiplied by 436.3 hours as shown on the Hobbs meter. The circuit court ruled in favor of NexGen. At the conclusion of the trial, the circuit court found that the cost of inspections and maintenance TGP agreed to pay was greater than what NexGen owed for rental fees, so TGP could not recover. The circuit court also found that Farhat owed NexGen for the flight instructions, minus a small amount for some used furniture Farhat had provided to NexGen. TGP and Farhat appealed.

## II. STANDARD OF REVIEW

Appellants argue the circuit court did not have jurisdiction to hear NexGen's claim regarding unpaid flight instructions. "When a court is alleged to

be acting outside of its jurisdiction, the standard of review is *de novo*." *Uninsured Employers' Fund v. Bradley*, 244 S.W.3d 741, 744 (Ky. App. 2007) (citation omitted). Appellants also argue the circuit court erred when it applied the rule regarding unliquidated damages in *Fratzke v. Murphy*, 12 S.W.3d 269 (Ky. 1999). This is a question of law which is also reviewed *de novo*. *Placek v. Elmore*, 652 S.W.3d 622, 623 (Ky. App. 2022) (citation omitted).

Appellants also contend the entire agreement was between the two companies, and that Farhat did not have a separate agreement related to the flight instructions. This is a question of fact. "Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed." *Legg v. Commonwealth*, 500 S.W.3d 837, 839 (Ky. App. 2016) (citation omitted). *See also* Kentucky Rule of Civil Procedure ("CR") 52.01.

### III. ANALYSIS

We first turn to Appellants' argument that the circuit court did not have jurisdiction to hear NexGen's claim. This argument has two parts. Farhat contends: 1) the circuit court was without jurisdiction to alter, amend, or vacate the 2018 order; and 2) the amount of Nexgen's counterclaim is still below the jurisdictional requirement of $5,000 for the circuit court. NexGen argues that Appellants waived the jurisdictional argument because they agreed to partially set

aside the summary judgment order and consolidate the claims in the 2018 case with the case at bar, as evidenced by the June 7, 2022 order.[3]

Briefly, subject matter jurisdiction, which refers to jurisdiction over the *type* of case, cannot be waived. *Wilson v. Russell*, 162 S.W.3d 911, 913-14 (Ky. 2005). Jurisdiction over an amount in controversy is conferred by Kentucky Revised Statutes ("KRS") 23A.010 and KRS 24A.120, and it is undisputed that the circuit court lacks subject matter jurisdiction over a case in which the amount in controversy is below $5,000. However, TGP has essentially challenged what constitutes the amount in controversy.

*Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430 (Ky. 2018), is instructive. *Hensley* provides that, so long as the circuit court has the requisite subject matter jurisdiction over a single claim, the circuit court may proceed to decide upon certification of a class. *Id.* at 439. *See also Jackson v. Beattyville Water Dep't*, 278 S.W.3d 633, 636 (Ky. App. 2009), in which this Court looked to the complaint and the plaintiff's answers to interrogatories to conclude the amount in controversy was within the jurisdiction of the circuit court. In other words, once the circuit court has jurisdiction of one claim, it has the jurisdiction to decide all

---

[3] NexGen also includes in the appendix to their brief a series of emails between attorneys that purport to show TGP's and Farhat's agreement to set aside the 2018 order granting summary judgment. However, the emails are not contained in the record before us and we cannot consider them. *See, e.g.*, *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). *See also* Kentucky Rule of Appellate Procedure ("RAP") 32(E)(1)(b).

related claims pursued as part of that action. In the instant case, the original complaint alleged an amount over the jurisdictional amount of $5,000 for the circuit court. Even though the counterclaim by itself did not meet the amount, because the circuit court had jurisdiction over the amount TGP claimed in the complaint and its discovery responses, the circuit court then had subject matter jurisdiction over *all* claims, including NexGen's counterclaim. "Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the existence of jurisdiction." *S.I.A. Limited, Incorporated v. Wingate*, 677 S.W.3d 487, 496 (Ky. 2023).

The circuit court had discretion to transfer NexGen's counterclaim to district court after it dismissed Farhat's claim in the 2018 case, but it was not required to do so. This is analogous to a federal court's discretion on whether to continue to exercise supplemental jurisdiction in a diversity action where the amount in controversy exists at removal, but it is later stipulated that it does not meet the amount. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Stated differently, "a court will retain [subject

matter] jurisdiction over such a case so long as jurisdiction was proper in the first place." *Commonwealth v. Steadman*, 411 S.W.3d 717, 722 (Ky. 2013) (internal quotation marks and citation omitted).

Because the circuit court never lost subject matter jurisdiction, nor could it once properly acquired, its subsequent amendment of the 2018 order to transfer falls under particular case jurisdiction. Particular case jurisdiction, which deals with the court's ability to hear a specific case, *can* be waived. *Louisville Historical League, Inc. v. Louisville/Jefferson Cnty. Metro Government*, 709 S.W.3d 213, 223 (Ky. 2025).

Turning to the June 7, 2022 order, the first paragraph states, "[t]his matter having come before the Court on May 20, 2022, for a Scheduling Conference, and the Court being otherwise sufficiently apprised, now therefore it is hereby ordered and adjudged as follows[.]" Notably, neither a scheduling conference nor a hearing occurred on May 20, 2022, according to the official case history provided with the record by the Fayette County Circuit Court Clerk. This Court attempted to obtain the video transcript from the same date and was unsuccessful because it does not exist. However, we also note that, under the judge's signature, the order states "[t]his Order is in conformity with the Court's Rulings" and is electronically signed by counsel for all parties. In other words, irrespective of the fact that a scheduling conference or hearing apparently did *not*

-8-

occur on May 20, 2022, by electronically signing the order, Appellants agreed to its contents and rulings, including setting aside the portion of the 2018 summary judgment order that transferred NexGen's claim to district court and made Farhat a plaintiff in the case at bar. This determination is enforced by the fact that the bench trial occurred more than two years after entry of the June 7, 2022 order, and Appellants did not subsequently challenge the order or the circuit court's jurisdiction at any time. The circuit court's ability to affect its 2018 judgment more than 10 days after entry falls under particular case jurisdiction. *See Steadman*, 411 S.W.3d at 722-23. We agree with NexGen that Appellants waived their jurisdictional argument.

We next turn to whether the circuit court properly applied *Fratzke*, *supra*, in limiting the amount of unliquidated damages TGP could recover to $25,053.28. Unliquidated damages are "[d]amages which have not been determined or calculated, . . . not yet reduced to a certainty in respect to amount." *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991) (citation omitted).[4] Further, CR 8.01(2) provides

> [i]n any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as

---

[4] In contrast, liquidated damages are "of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values." *Ford Contracting, Inc. v. Kentucky Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. App. 2014) (citation omitted).

alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence. **When a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories. If this is done, the amount claimed shall not exceed the last amount stated in answer to interrogatories**; provided, however, that the trial court has discretion to allow a supplement to the answer to interrogatories at any time where there has been no prejudice to the defendant.

(Emphasis added.)

We agree with the circuit court that TGP's damages were unliquidated. Although TGP argues it has always claimed it is owed $80 per hour multiplied by 436.3 Hobbs hours, that argument is not supported by the record. The complaint alleges TGP is owed for "almost 500 hours." In discovery responses, TGP indicated it was owed *at least* $25,053.28, but when questioned by the circuit court, acknowledged there may be offsets for sums owed to NexGen, and those amounts had not yet been determined. TGP never put forth a fixed amount of damages in its discovery responses, nor was the amount ascertainable by mere computation with reasonable certainty given all of the deductions for maintenance, inspections, etc. The purpose of CR 8.01(2) is *not* to apprise a party of the *nature* of an opposing party's claims for unliquidated damages. Rather, the purpose of the rule is to allow a party to discover the *amount* an opposing party is

-10-

seeking for unliquidated damage claims. *Fratzke*, 12 S.W.3d 269, 272-73.

Because the amount of damages provided by TGP in discovery was $25,053.28, the circuit court correctly limited the claim to that amount. The language of CR 8.01(2) is mandatory. *Fratzke*, 12 S.W.3d 269, 273.

Finally, Appellants assert that the entire agreement, including flight instruction, was between the two corporations, and not with Farhat individually. In support of this argument, Appellants rely on Farhat's testimony. In contrast, Shannon Gillispie of NexGen testified that the agreement for payment of flight instructions was between NexGen and Farhat, not TGP. "[A] reviewing court must hold fast to the guiding principle that the trier of facts is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." *Bowling v. Nat. Resources and Environmental Protection Cabinet*, 891 S.W.2d 406, 409-10 (Ky. App. 1994). Here, the circuit court clearly believed Gillispie's testimony over that of Farhat. Accordingly, we discern no error.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

-11-

BRIEF FOR APPELLANTS:       BRIEF FOR APPELLEES:

Jeffrey C. Rager              Robert E. Maclin, III
Lexington, Kentucky        Scott A. Schuette
                            Lexington, Kentucky